## RUPERTO FUENTES ET AL.

*v.*

## JOAQUIN SANTOS MALDONADO ET AL.

---

San Juan, Law, No. 894.

Default—Mesne Profits.

    While the Porto Rican Civil Code permits recovery of land by the person holding the better title, he can recover mesne profits only for

Fuentes v. Maldonado.

the time the land is withheld in bad faith. Good faith is presumed, and bad faith begins only from the time that the possessor knew of the adverse claim. A complaint may, as in this case, be sufficient to permit of recovery of the land and yet not sufficient to cover mesne profits except from the time of bringing the suit.

Opinion filed May 12, 1914.

---

*Mr. E. B. Wilcox* for the plaintiffs.

*Mr. H. H. Scoville* for the defendants.

HAMILTON, Judge, delivered the following opinion:

This matter comes up upon motion for instructions to the jury to limit the effect of evidence of possession to the period between August 23, 1912, when the ancestor of the defendants was served, and January 8, 1913, when the return of the marshal shows that the plaintiffs were put in possession of the land.

The facts seem to show that this suit was brought for the recovery of the land and for mesne profits, under the complaint the mesne profits running from the dispossession in 1896 unless some statute of limitations would cover the case.

There was a default entered in the case on September 6, 1912. The wording of the default is simply that, upon motion of the attorney for the plaintiffs, and in accordance with ¶ 2 of § 194 of the Code of Civil Procedure, the default of said defendant in the premises is hereby entered of record according to law.

The question before the court is, What does that default cover? The verdict has been set aside so far as relates to the

Fuentes v. Maldonado.

mesne profits or damages claimed under the complaint, on the technical ground that the evidence shows that the ancestor of the defendants had died before the taking of that verdict. In the view of the court, the verdict therefore was void. The default was set aside simply as to that verdict, whatever that was, and now in this proceeding the question is, How far the original default went? It is doubtless true that the default must go to the extent of the complaint, and perhaps an analogy is to be found in a demurrer. A demurrer admits all the facts that are well pleaded. A default not only admits them for the purpose of the particular argument, but admits beyond recall all the facts of the complaint that are well pleaded. It may go further; if it is an amendable statement of fact probably it admits the facts so far as they could be amended, but not an amendment setting up other facts. The question at all events is, What facts are pleaded or could be amended. The complaint says that the defendants "entered into possession without legal right or title thereto, and have since remained and are now in illegal possession thereof, enjoying the usufruct and profits from the same." Does that allege bad faith? The peculiarity of the Porto Rican Code is that there can be a recovery of the land without a recovery of the mesne profits, and mesne profits can be recovered only if the possession was in bad faith. Does the complaint allege bad faith? I do not think it does. It alleges that upon which there could be recovery of the land. It goes that far unquestionably, but that is not necessarily bad faith. If the better title is with the plaintiffs, it is illegally withheld, but the Porto Rican Code seems to go further and fix the penalty of mesne profits only if the defendant withholds land after he knows that someone else has a

*Fuentes v. Maldonado.*

just claim to it. That is practically the definition of bad faith. The complaint does not go so far as that.

If the plaintiffs wish to take advantage of their pleading, it must be definite enough to cover the issue. Good faith is presumed. Civil Code, § 437. It does not seem, therefore, that the default covered the question of bad faith. That being so, the recovery of the plaintiffs could at most only be for whatever time they prove now that the land has been held in bad faith. If they are entitled to any damages at all, they must show bad faith. It is not to be implied from the default. Now what have they shown? The evidence presented shows bad faith, that is to say, shows knowledge of the late defendant of the claim of the plaintiffs only from the time of service, or from August 23, 1912, to the time that possession was delivered, which would be January 8, 1913.

It seems to the court that, after reasoning it out, that the motion should be granted. The court will instruct the jury that they can find only for those five months.